United States District Court
Southern District of Texas
**ENTERED**
March 08, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Kelvin Brown, | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:18-CV-00246 |
| Houston Police Department | § | |
| *Respondent.* | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Kelvin Brown, a Texas state inmate, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his pre-trial detention. Dkt. 1. The matter was referred to this Magistrate Judge for report and recommendation. Dkt. 5.

Currently, Brown is in pre-trial custody at the Harris County Sherriff's Office.[1] Brown alleges that his detention is unconstitutional because (1) his arrest warrant was unlawful; (2) the Houston Police Department is allowing his character to be defamed; and (3) the DNA incriminating Brown was mishandled by the Houston Police Department.

Section 2241 of Title 28 is the proper vehicle for seeking habeas relief from pretrial detention. *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998). However, a Texas detainee is required to first exhaust his state remedies by presenting his claims in a procedurally correct manner to the Texas Court of Criminal Appeals. *Deters v. Collins*, 985 F.2d 789, 794-95 (5th Cir. 1993). Brown has not presented his claims pursuant to Texas Code of Criminal Procedure articles 11.08 or 11.09, or through a writ of mandamus. It appears Brown has not pursued any relief in state court based on the allegations in his petition. Dkt. 1. The court recommends that Brown's petition for writ of

---

[1] *See* Public Information Inquiry, SPN Number 00989384, *available at* https://apps.jims.hctx.net/sopublic/Inquiry.do.

habeas corpus be dismissed without prejudice for failure to exhaust his state court remedies.[11]

The parties have 14 days from receipt to file written objections. *See* Rule 8(b) of the Rule Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72. Failure to file written objections within that time may bar an aggrieved party from attacking the factual findings and legal conclusions on appeal, except for plain error.

Signed at Houston, Texas, on March 8, 2018.

Stephen Wm Smith
United States Magistrate Judge

---

[11] To the extent Brown is seeking not just release on bond but to enjoin the state criminal proceeding, his petition is barred by the *Younger* doctrine. *See Gibson v. Orleans Parish Sheriff*, 971 F. Supp. 2d 625, 629 (E.D. La. 2013).